UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES CHAVEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　　　Respondent. | No. CV 11-4023 SJO (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On or about April 26, 2011, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Current Petition") herein. The Court notes that petitioner previously constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court on or about September 20, 2007 (the "Prior Petition"). (*See Chavez v. Warden*, Docket No. CV 07-6977 SJO (FFM).) The Prior Petition challenged the same sentence and conviction challenged in the Current Petition. The Prior Petition was dismissed with prejudice on October 4, 2008.

The Current Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

///

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Current Petition constitutes a second and/or successive petition challenging the same conviction and sentence as petitioner's prior habeas petition in Case No. CV 07-6977, within the meaning of 28 U.S.C. § 2244(b). To the extent petitioner seeks to pursue the same claims asserted in the Prior Petition, the Current Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the

extent petitioner seeks to pursue claims not contained in the Prior Petition, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Current Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2011.

_____
S. JAMES OTERO
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
 FREDERICK F. MUMM
United States Magistrate Judge